IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00057-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | **ORDER** |
| **CURTIS LEE RUCKER, JR.,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Curtis Lee Rucker, Jr.'s *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and for appointment of counsel. (Doc. Nos. 44, 45). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at USP Terre Haute[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 or possibly death if he were to contract the virus. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

Defendant is a 39-year-old male serving his prison sentence at USP Terre Haute in Indiana. He is serving a sentence of a total of 96 months of imprisonment followed by 3 years of supervised

---

[1] According to the Bureau of Prison's (BOP) website, USP Terre Haute currently has 7 inmates and zero staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and zero staff deaths, while 673 inmates have recovered, and 40 staff have recovered. Additionally, at USP Terre Haute, 425 staff have been fully inoculated and 2,406 inmates have been fully inoculated.

1

release. (Doc. No. 27). According to the Bureau of Prisons website, his scheduled release date is April 24, 2025.

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) **Modification of an imposed term of imprisonment**. —The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

18 U.S.C. § 3582(c). Upon exhaustion of his administrative remedies, "a defendant becomes eligible for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary

2

Case 5:18-cr-00057-KDB-DCK   Document 46   Filed 08/22/22   Page 2 of 7

and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, __ F.3d __, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

However, there is currently no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). "The only policy statement that could possibly be 'applicable'" is U.S.S.G. § 1B1.13, but that provision, "[b]y its plain terms, . . . does not apply to *defendant-filed* motions under § 3582(c)(1)(A)." *McCoy*, 981 F.3d at 282 (emphasis added). Section 1B1.13 applies only to BOP-filed motions. As a result, district courts may consider any extraordinary and compelling reason for release that a defendant might raise. Id. Still, the Fourth Circuit has recognized that Section 1B1.13 provides helpful guidance to courts in determining what constitutes "extraordinary and compelling reasons." *High*, __ F.3d at __, 2021 WL 1823289, at *3. With respect to medical conditions, Section 1B1.13 states that extraordinary and compelling reasons include when a "defendant is suffering from a terminal illness" or is "suffering from a serious physical or medical condition." U.S.S.G. 1B1.13 cmt. 1(A)(i), (ii).

Even if a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must consider the § 3553(a) sentencing factors "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). A defendant seeking compassionate release

3

has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

Defendant bases his motion on the threat posed by the COVID-19 pandemic and states that he suffers from medical conditions which he claims place him at a greater risk of contracting the COVID-19 virus. (Doc. No. 44 at 1). However, he fails to enumerate these supposed medical conditions. According to his Presentence Investigation Report that was filed on May 7, 2019, Defendant states that he was treated in 2013, at Baptist Hospital in Winston-Salem, NC, for a gunshot wound to his side and there were no medications on file while he was held at Mecklenburg County Jail, Charlotte, NC. (Doc. No. 24, ¶ 73). Defendant fails to provide his BOP medical records to substantiate any medical claims and therefore, there is no extraordinary and compelling reason for a sentence reduction.

Next the Court will turn to the Defendant's *Rehaif* claim. In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Defendant now argues that *Rehaif* voids his guilty plea because the Court accepted his guilty plea without advising him of the element requiring knowledge of his prohibited status under § 922(g). However, the Defendant is mistaken.

To begin with, the Defendant forfeited his *mens rea* claim by failing to properly preserve it under Rule 51(b) of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 51. Consequently, the Court must conduct a plain-error review under Rule 52(b). *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). Rule 52(b) provides that a "plain error that affects substantial

4

rights may be considered even though it was not brought to the court's attention." *See* Fed. R. Crim. P. 52.

To establish eligibility for plain-error relief, a defendant must satisfy three threshold requirements. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 201 L. Ed. 2d 376, 383-84 (2018). First, there must be an error. Second, the error must be plain. Third, the error must affect "substantial rights," which generally means that there must be "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id*. If those three requirements are met, a court may grant relief if it concludes that the error had a serious effect on "the fairness, integrity or public reputation of judicial proceedings." *Id*. A *Rehaif* error occurred during the Defendant's sentencing and it was plain. Thus, the first two prongs are easily satisfied. That said, the Defendant has failed to satisfy the third prong.

In *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021), the Supreme Court held that in felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation that he would have presented evidence at trial that he did not in fact know he was a felon. The Defendant needs to make this representation to satisfy the third prong for the plain-error relief. *Id*. Here, the Defendant has made no such representation or assertion. In fact, the Defendant spent more than eight years incarcerated on felony convictions[2] prior to his guilty plea. Hence it is doubtful that he could have produced evidence at trial that he did not know he was a felon. (*See* Doc. No. 24 ¶ 36 and 50).

Moreover, the Defendant's *pro se* 28 U.S.C. § 2255 Motion to Vacate, which contends his § 922(g) conviction is invalid because the Government failed to prove his knowledge that he

---

[2] The Defendant pled guilty to: 1) Felony Robbery with a Dangerous Weapon in 2000, for which he served over 71 months; and 2) Felony Interfere with an Electronic Monitoring Device in 2015, for which he served approximately 28 months. *See* Doc. No. 24.

possessed a gun as well as his status as a felon under *Rehaif,* in still pending before the Fourth Circuit. (See Doc. Nos. 29, 30, 31). While the Defendant contends that he "botched" that motion, the Defendant cannot file a successive petition without leave of court. *See* 28 U.S.C. § 2244(b)(3)(A). This is particularly true when the pending § 2255 addresses the same issue. *See United States v. Johnson*, No. 3:92cr68 (DJN), 2021 U.S. Dist. LEXIS 388, at *15 (E.D. Va. Jan. 2, 2021). The Defendant has not received leave of court to file another § 2255 petition.[3] Therefore, to the extent that this motion seeks relief under § 2255, the Court must deny it. Accordingly, the Defendant's *Rehaif* argument is not an extraordinary and compelling reason for a sentence reduction.

Lastly, the Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking appointment of counsel to assist in his motion for compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting

---

[3] The Defendant also claims throughout his motion that his counsel provided ineffective assistance and that there was prosecutorial misconduct because his plea offer stemmed from a "defective indictment." (Doc. No. 44 p. 2). These claims should have been raised in his § 2255 but were not. (*See* Doc. No. 29). As a result, they do not support a finding of an extraordinary and compelling reason for a sentence reduction.

compassionate release on this basis without the assistance of counsel and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist the defendant at this time.

For these reasons, Defendant's *pro se* motions for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and appointment of counsel (Doc. Nos. 44, 45), are **DENIED**.

    **SO ORDERED.**

Signed: August 22, 2022

Kenneth D. Bell
United States District Judge