IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:18-CR-00057-KDB-DCK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **CURTIS LEE RUCKER, Jr.,** <br><br> **Defendant.** | **ORDER** |

  **THIS MATTER** is before the Court on Defendant Curtis Lee Rucker, Jr.'s motion for consideration of compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), the First Step Act of 2018, Amendment 821, and appointment of counsel. (Doc. No. 49). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

  In February 2019, Defendant pled guilty to felon in possession of a firearm. (Doc. No. 15). On July 19, 2019, he was sentenced to 96 months imprisonment and 3 years of supervised release. (Doc. No. 27).

  Defendant is a 41-year-old male serving his prison sentence at USP Lee in Virginia. His current projected release date is April 24, 2025. Defendant bases his motion on a change in the law under Amendment 821 and that his conviction under 18 U.S.C. § 922(g) is insufficient under *Rehaif v. United States*, 139 S.Ct.2191 (2019).

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons (BOP). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

(c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
...
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted). "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). District courts are now advised to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). Relevant to Mr. Rucker's case, § 1B1.13(c) now states that "a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Defendant contends that the Sentencing Commission's recent amendment to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 would affect his sentence. (Doc. No. 49 at 9). The amendments to U.S.S.G. §4A1.1 and §4C1.1 in Amendment 821 do not change Defendant's criminal history points or criminal history category as Defendant did not have any "status points" as his offense was not committed while he was under a criminal sentence and he was not a zero point offender as Defendant has 24 criminal history points. (Doc. No. 24, ¶¶ 51-52).

In his motion, Defendant argues his conviction under 18 U.S.C. § 922(g) is insufficient under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif v. United States*, the Supreme Court held that in order to sustain a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2) "the Government must prove both that the defendant possessed a firearm and that he knew he belonged to the relevant category of person barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019). However, a compassionate release motion under 18 U.S.C. § 3582 is not the proper vehicle to challenge the validity of a sentence under *Rehaif*. If Defendant wants the Court to

determine if he is entitled to relief under *Rehaif*, he should file a motion under 28 U.S.C. § 2255. However, the Fourth Circuit Court of Appeals seems to have recently foreclosed this argument. "Indeed, no federal appellate court has held that Section 922(g)(1) is facially unconstitutional, and we will not be the first." *United States v. Canada*, --- F.4th ----, 2024 WL 2807182 (June 3, 2024).

Finally, Section 3553(a) factors weigh against a reduction in sentence. The United States Probation Office has informed the Court that while incarcerated Defendant took numerous classes and participated in work programs and did not incur any disciplinary infractions. Although commendable, his efforts at rehabilitation do not outweigh the other Section 3553(a) factors and the danger he poses to society. Defendant is a criminal history category VI with 24 criminal history points. Defendant's offense conduct was serious, presenting a danger to the public by involving a gun. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant.

The Court finds that none of Defendant's stated reasons, individually or in combination, constitute an extraordinary and compelling reason for a reduction in sentence.

The Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir.

2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the Defendant has not presented a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730 (internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant.

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Doc. No. 49), is **DENIED.**

**SO ORDERED.**

Signed: June 10, 2024

Kenneth D. Bell
United States District Judge